1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VAN DUONG,

11          Plaintiff,                              No. 2:11-cv-00347 KJN

12      v.

13   MICHAEL J. ASTRUE, Commissioner
     of Social Security,
14
            Defendant.                             ORDER
15   _____/

16          Plaintiff seeks judicial review of a final decision of the Commissioner of Social

17   Security ("Commissioner") denying plaintiff's applications for Social Security Disability

18   ("SSD") benefits under Title II of the Social Security Act and Supplemental Security Income

19   ("SSI") benefits under Title XVI of the Social Security Act.[1]  (Dkt. No. 11.)  In his motion for

20   summary judgment, plaintiff alleges that the Administrative Law Judge ("ALJ") erred by (1)

21   failing to properly calculate plaintiff's residual functional capacity ("RFC"); and

22   (2) relying on improper or incomplete vocational expert ("VE") testimony.  (("Pl.'s Memo.")

23   Dkt. No. 18.)

24   _____

25          [1]  This case was referred to the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(15) and 28 U.S.C. § 636(c), and both parties voluntarily consented to proceed
26   before a United States Magistrate Judge.  (Dkt. Nos. 8, 15.)

                                                  1

After careful consideration of the entire record and the arguments submitted by the parties, for the reasons that follow, the court grants plaintiff's motion for summary judgment, denies the Commissioner's cross-motion for summary judgment, and remands this case for further proceedings.

I.      BACKGROUND[2]

        A.      Procedural Background

        Plaintiff applied for SSD and SSI benefits on February 21, 2008, alleging disability commencing on February 9, 2007 (See Administrative Transcript ("AT") 93-95, 96-103.) The Social Security Administration denied plaintiff's application initially and upon reconsideration. (AT 43-47, 48-52.) Plaintiff filed a request for a hearing before an ALJ, (AT 66), and a hearing was conducted regarding plaintiff's claim on October 7, 2009. (AT 18-38.) Plaintiff, who was represented by counsel at the hearing, appeared and testified at the hearing. (Id.) A vocational expert also testified at the hearing. (Id.)

        In a decision dated February 22, 2010, the ALJ denied plaintiff's application. (See AT 9-17.) As discussed below, the ALJ determined that plaintiff was able to perform jobs that existed in significant numbers in the national economy.[3] (AT 22.) The ALJ's decision

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the undersigned does not exhaustively relate those facts here. The facts related to plaintiff's impairments and medical history will be addressed only insofar as they are relevant to the issues presented by the parties' respective motions.

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 et seq. Generally speaking, SSI is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Under both benefit schemes, the term "disability" is defined, in part, as an "inability to engage in any substantial gainful activity" due to "any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 404.1520, 404.1571-1576, 416.920, 416.971-976; see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The Ninth Circuit Court of Appeals has summarized the sequential evaluation as follows:

        Step one:  Is the claimant engaging in substantial gainful

became the final decision of the Commissioner when the Appeals Council denied plaintiff's

request for review.  (AT 3-6.)  Plaintiff subsequently filed this action.

       B.    <u>Relevant Medical Opinions</u>

           On April 18, 2008, consultative examiner Dr. Patrick Wong saw plaintiff for a

psychological evaluation.  (AT 192.)  Dr. Wong assessed plaintiff's functional ability as follows:

> [Plaintiff's] ability to carry out simple instructions is intact.  Her ability to carry out complex instructions is mildly diminished by her depressive symptoms.  Her ability to maintain an adequate pace and level of endurance is mild to moderately decreased by her depressive symptoms, her loss of stress tolerance, some issues with concentration and initiative.  Her ability to relate to co-workers and the public is mildly to moderately impaired by this same pattern.  Her ability to take directions from a supervisor on a sustained basis is mild to moderately affected as well.  The probability of functional deterioration due to typical workplace stressors is probably moderately elevated due to her depressive symptoms.  Her ability to adapt to changes in a workplace is mildly diminished to moderately diminished by her depressive symptoms.  Ms. Duong is currently capable of staying consistently aware of safety issues in the workplace.  Ms. Duong is currently capable of responsibly managing her own funds.

---

> activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>       Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>       Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>       Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>       Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

      The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  <u>Bowen</u>, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  <u>Id.</u>

1  (At. 193-94.)  The ALJ stated that he gave "great weight" to Dr. Wong's opinion.  (AT 15.)

2  Plaintiff does not challenge the ALJ's adoption of Dr. Wong's opinion; instead, plaintiff asserts

3  the ALJ failed to adequately incorporate Dr. Wong's assessment into her RFC.  (Pl.'s Memo. at

4  11-13.)

5     On May 7, 2008, state agency physician Kim Morris, reviewed plaintiff's case,

6  including Dr. Wong's opinion.  (AT 196-211.)  In her mental residual functional capacity

7  assessment, Dr. Morris checked the boxes for "Moderately Limited" in the following mental

8  activities: ability to understand and remember detailed instructions; ability to carry out detailed

9  instructions; ability to complete a normal workday and workweek without interruptions from

10  psychologically based symptoms and to perform at a consistent pace without an unreasonable

11  number and length of rest periods; ability to interact appropriately with the general public; ability

12  to accept instructions and respond appropriately to criticism from supervisors; ability to respond

13  appropriately to changes in the work setting.  (AT 196-97.)  All other mental activities were

14  found by Dr. Morris to be "Not Significantly Limited."  (Id.)  There were no "Markedly Limited"

15  mental activities.  (Id.)  In the "Functional Capacity Assessment" section of her report, Dr.

16  Morris concluded that plaintiff has "sufficient ability":  to understand and remember simple

17  instructions; to complete simple instructions, to follow directions without additional assistance,

18  and to maintain adequate attention for such tasks, to maintain appropriate behavior in a context

19  of limited public contact, to be aware of ordinary hazards, to make simple decisions, to utilize

20  transportation, and to cope with the demands of a routine, low stress position.  (AT 198.)  Dr.

21  Morris further concluded that plaintiff is capable of accepting simply instructions and responding

22  appropriately to feedback from supervisors.  (Id.)  The ALJ also gave "great weight" to Dr.

23  Morris' opinion.  (AT 14.)  As with Dr. Wong's opinion, plaintiff asserts the ALJ failed to

24  adequately incorporate Dr. Morris' opinion into her RFC.  (Pl.'s Memo. at 11-13.)

25    C.  Summary of the ALJ's Findings

26     The ALJ conducted the required five-step, sequential evaluation.  At step one, the

4

1  ALJ concluded that plaintiff had not engaged in substantial gainful activity since February 9,

2  2007, the alleged onset date.  (AT 11.)  At step two, the ALJ concluded that plaintiff had the

3  severe impairments of "headaches and depression."  (Id.)  At step three, the ALJ found that

4  plaintiff did not have an impairment or combination of impairments that met or medically

5  equaled any impairment listed in the applicable regulations.  (Id.)

6        The ALJ next assessed plaintiff's residual functional capacity ("RFC").  The ALJ

7  found that:

> [T]he claimant has the residual functional capacity to perform medium
> work as defined in 20 CFR 404.1567(c) and 416.967(c).  Specifically, she
> can lift and carry 50 pounds occasionally and 25 pounds frequently, and
> can sit, stand, and walk six hours in an eight hour workday.  The claimant
> can work at jobs requiring simple, routine tasks and can speak basic
> English, but cannot read or write English.

11  (AT 13.)  In reaching his conclusion, the ALJ also discounted plaintiff's statements regarding the

12  intensity, persistence, and limiting effects of his symptoms or impairments as not fully credible, a

13  finding the plaintiff does not challenge in her motion for summary judgment.  (AT 15.)

14        At step four, the ALJ found that plaintiff's RFC did not preclude plaintiff from

15  performing her past relevant work as a production assembly worker.  (AT 15.)  Alternatively, the

16  ALJ found, considering the plaintiff's age, education, work experience and RFC, that there are

17  jobs that exist in significant numbers in the national economy that the plaintiff can perform.  (AT

18  16.)  Accordingly, the ALJ found plaintiff not disabled.  (AT 17.)

19  II.     STANDARDS OF REVIEW

20        The court reviews the Commissioner's decision to determine whether it is (1) free

21  of legal error, and (2) supported by substantial evidence in the record as a whole.  Bruce v.

22  Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009); accord Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th

23  Cir. 2009).  This standard of review has been described as "highly deferential."  Valentine v.

24  Comm'r of Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009).  "'Substantial evidence' means

25  more than a mere scintilla but less than a preponderance; it is such relevant evidence as a

26  reasonable mind might accept as adequate to support a conclusion."  Bray v. Comm'r of Soc.

1   Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035,

2   1039 (9th Cir. 1995)); accord Valentine, 574 F.3d at 690 (citing Desrosiers v. Sec'y of Health &

3   Human Servs., 846 F.2d 573, 576 (9th Cir. 1988)).

4          "The ALJ is responsible for determining credibility, resolving conflicts in medical

5   testimony, and for resolving ambiguities."  Andrews, 53 F.3d at 1039; see also Tommasetti, 533

6   F.3d at 1041 ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical

7   evidence.").  Findings of fact that are supported by substantial evidence are conclusive.  42

8   U.S.C. § 405(g); see also McCarthy v. Apfel, 221 F.3d 1119, 1125 (9th Cir. 2000).  "Where the

9   evidence as a whole can support either a grant or a denial, [the court] may not substitute [its]

10  judgment for the ALJ's."  Bray, 554 F.3d at 1222 (citing Massachi v. Astrue, 486 F.3d 1149,

11  1152 (9th Cir. 2007)); see also Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir.

12  2008) ("'Where evidence is susceptible to more than one rational interpretation,' the ALJ's

13  decision should be upheld.") (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)).

14  However, the court "must consider the entire record as a whole and may not affirm simply by

15  isolating a 'specific quantum of supporting evidence.'"  Ryan, 528 F.3d at 1198 (quoting

16  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); accord Lingenfelter v. Astrue,

17  504 F.3d 1028, 1035 (9th Cir. 2007).

18  III.     DISCUSSION

19          Plaintiff argues that the ALJ erred by failing to include in her RFC the specific

20  mild to moderate non-exertional limitations found in the opinions of Drs. Wong and Morris,

21  opinions which the ALJ stated he gave "great weight".  (See Pl.'s Memo. at 11-13.)  Instead, the

22  ALJ formulated an RFC that limited plaintiff to "jobs requiring simple, routine tasks."  (AT 13.)

23  Consequently, the hypothetical the ALJ posed to the vocational expert also did not include the

24  ////

25  ////

26  ////

specific mild to moderate non-exertional limitations assessed by Drs. Wong and Morris.[4]  (See AT 30-32.)  Upon questioning by plaintiff's attorney, the vocational expert testified that if plaintiff's RFC did include the non-exertional limitations assessed by Dr. Wong, considered at a moderate level "at times,"[5] plaintiff would not be able to perform her past work or any other jobs existing in significant numbers in the national economy.[6]

Specifically, plaintiff contends that the mental portion of the RFC did not reflect

---

[4]  An ALJ's hypothetical questions to a vocational expert concerning what other work a claimant could perform must be based on a RFC that properly sets forth all of the claimant's impairments.  A vocational expert's response to a hypothetical question premised on an incomplete RFC does not constitute competent evidence in support of a finding that a claimant could perform other work and is thus not disabled.  See, e.g., Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1235 (9th Cir. 2011); Nguyen v. Chater, 100 F.3d 1462, 1466 n.3 (9th Cir. 1996).

[5]  Dr. Wong assessed plaintiff's limitations as "mild to moderate", whereas plaintiff's attorney posed a hypothetical to the vocational expert that described the limitations as "moderate", occurring "at times".  (AT 35.)

[6]  The plaintiff's attorney asked the vocational expert:

> Okay.  I'd like you to consider hypothetical number three.  And let us assume a person of the claimant's age, education, and past relevant work.   The physical limitations as contained in the judge's hypothetical number two, which were sitting, standing or walking six of eight, 50 occasional, 25 frequently lifting, and simple repetitive tasks restriction, but I'd also like you to consider the following limitations as contained in exhibit 3-F, which are non-exertional limitations. The ability to maintain an adequate pace and level of endurance is as much as moderately decreased, ability to relate to coworkers and the public is, at times, as much as moderately impaired. Ability to take directions from a supervisor on a sustained basis, at times, is up to moderately affected, and the probability of functional deterioration due to typical workplace stressors is moderately elevated. The ability to adapt to changes in the workplace is, at times, as much as moderately diminished. If we add those non-exertional limitations, can such a person perform any of the claimant's past work - -

(AT 35.)  The ALJ interjected for clarification as to how the vocational expert should understand the term "moderate", and plaintiff's attorney defined "moderate" as "more than occasionally, more than minimal, and it would also be defined as less than constant, and less than frequent". (AT 36.)  The vocational expert then testified: "I would say that would be too severely impacted to perform the jobs I cited or her past relevant work."  (Id.)

1  Dr. Wong's assessment that the plaintiff appeared mildly to moderately impaired in her ability to:

2        maintain an adequate pace and level of endurance; relate to
3        coworkers and the public; take directions from a supervisor on a
      sustained basis; and adapt to changes in the workplace, with the
      probability of functional deterioration due to typical workplace
4        stressors "probably" moderately elevated.  (Id.)

5        The undersigned finds persuasive plaintiff's argument that the RFC formulated by

6  the ALJ does not adequately capture plaintiff's limitations in terms of endurance and pace,

7  relation to coworkers and the public, and ability to take directions and adapt to changes in the

8  workplace.  Even though Dr. Wong found a mild to moderate impairment in these mental

9  abilities, the RFC arrived at by the ALJ does not reflect any such limitations.  Instead, the RFC

10  simply limits plaintiff to jobs involving "simple routine tasks."  The practical result of the

11  incomplete RFC relates to the adequacy of the ALJ's hypothetical questions to the vocational

12  expert regarding other work that plaintiff could perform, and the adequacy of the vocational

13  expert's responses that the ALJ relied on in finding plaintiff not disabled.

14        At step five of the analysis, the ALJ specifically asked the vocational expert about

15  the work that a hypothetical person could perform with the mental component of the RFC limited

16  to the ability to work in jobs involving "simple, routine tasks."  (AT 31.)  Because the premise of

17  those hypothetical questions was incomplete, the vocational expert's resulting answers were

18  incomplete and cannot serve as substantial evidence supporting the ALJ's non-disability

19  determination.

20        In response, the Commissioner asserts that plaintiff's argument, that a RFC stating

21  that plaintiff was capable of performing "simple routine tasks" did not capture limitations in pace

22  and endurance, was rejected in Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008).  In

23  Stubbs-Danielson, the Ninth Circuit Court of Appeals held that "an ALJ's assessment of a

24  claimant adequately captures restrictions related to concentration, persistence, or pace where the

25  assessment is consistent with restrictions identified in the medical testimony."  Id. at 1174.

26  There, the record contained some evidence of the claimant's slow pace, but the only concrete

1  functional limitation provided by the medical sources was that the claimant could perform

2  "simple tasks." <u>Id.</u> at 1173-74.  As a result, the ALJ formulated a RFC that limited the claimant

3  to "simple, routine, repetitive sedentary work." <u>Id.</u> at 1173.  The Court of Appeals concluded

4  that the ALJ did not err in that formulation of the RFC and, as a result, did not err in formulating

5  hypothetical questions to the vocational expert.  <u>Id.</u>

6         Conversely, this case is more akin to <u>Brink v. Commissioner of the Social</u>

7  <u>Security Administration</u>, 343 Fed. Appx. 211 (9th Cir. 2009), which distinguished <u>Stubbs-</u>

8  <u>Danielson</u>.  Although <u>Brink</u> is an unpublished decision and thus only of persuasive value,[7] it is

9  instructive in regards to how it distinguished <u>Stubbs-Danielson</u>.  In <u>Brink</u>, as in this case, the ALJ

10  accepted medical evidence that Brink had difficulty with concentration, persistence, or pace, but

11  posed hypothetical questions to the vocational expert based on a RFC that "referenced only

12  'simple, repetitive work,' without including limitations on concentration, persistence or pace."

13  <u>Id.</u> at 212.  In finding error and rejecting the Commissioner's argument premised on <u>Stubbs-</u>

14  <u>Danielson</u>, the Court of Appeals reasoned:

15         In <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169 (9th Cir. 2008), we held that
       an "assessment of a claimant adequately captures restrictions related to

16         concentration, persistence, or pace where the assessment is consistent with
       the restrictions identified in the medical testimony." <u>Id.</u> at 1174.  The

17         medical testimony in <u>Stubbs-Danielson</u>, however, did not establish any
       limitations in concentration, persistence, or pace.  Here, in contrast, the

18         medical evidence establishes, as the ALJ accepted, that Brink does have
       difficulties with concentration, persistence, or pace.  <u>Stubbs-Danielson</u>,

19         therefore, is inapposite.

20  <u>Id.</u>

21  ////

22  ////

23

24     [7]  Ninth Circuit Rule 36-3(b) provides: "Unpublished dispositions and orders of this
Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance

25  with FRAP 32.1."  However, Ninth Circuit Rule 36-3(a) provides: "Unpublished dispositions and
orders of this Court are not precedent, except when relevant under the doctrine of law of the case

26  or rules of claim preclusion or issue preclusion."

1        The undersigned finds that the reasoning of Brink is persuasive and supports a

2 conclusion that Stubbs-Danielson does not control this case.[8]  In this case, as in Brink, the ALJ

3 granted "great weight" to Dr. Wong's evidence of plaintiff's difficulty with endurance and pace,

4 relation to coworkers and the public, and ability to take directions and adapt to changes in the

5 workplace, but the RFC only included a reference to "simple, routine tasks."  (AT 14-15.)  The

6 ALJ also granted "great weight" to the less restrictive opinion of the state agency physician, Dr.

7 Morris, which perhaps on its own could support the RFC the ALJ reached.  (AT 14.)  However,

8 if the ALJ did weigh the non-examining state agency's assessment more heavily than the opinion

9 of examining physician Dr. Wong, the ALJ would be required to explain why he did so.  Lester

10 v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) ("Generally, a treating physician's opinion should be

11 accorded more weight than opinions of doctors who did not treat the claimant, and an examining

12 physician's opinion is entitled to greater weight than a non-examining physician's opinion.")

13        Plaintiff's RFC—which the ALJ subsequently used to question the vocational

14 expert about plaintiff's past relevant work and other work in the national or regional economies

15 that plaintiff could perform—did not adequately capture the opinion of Dr. Wong regarding the

16 functional impact of plaintiff's mental impairment on plaintiff's ability to perform work in an

17 eight-hour day, an opinion which the ALJ stated she gave "great weight."  Accordingly, the

18 undersigned concludes that the ALJ erred in formulating the RFC and that plaintiff is entitled to

19 summary judgment.  The court remands this matter to the agency for further development in

20 regards to the formulation of a more accurate RFC for plaintiff insofar as her mental limitations

21 are concerned.[9]

22

23        [8]  The undersigned notes that other courts have found Brink persuasive and applied the
reasoning of Brink in the manner similar to how the undersigned applies it here.  See, e.g., Smith
24 v. Astrue, No. ED CV 10-633-PLA, 2011 WL 3962107, at *8-9 (C.D. Cal. Sept. 8, 2011)
(unpublished); Betancourt v. Astrue, No. EDCV 10-0196 CW, 2010 WL 4916604, at *3-4 (C.D.
25 Cal. Nov. 27, 2010) (unpublished).

26        [9]  Nothing herein is intended to suggest the ultimate outcome of such a remand.

IV.     CONCLUSION

         For the reasons stated above, IT IS HEREBY ORDERED that:

         1.      Plaintiff's motion for summary judgment (Dkt. No. 18) is granted and this matter is remanded to the ALJ for further proceedings as outlined above.

         2.      The Commissioner's cross-motion for summary judgment (Dkt. No. 23) is denied.

         3.      The Clerk of Court enter judgment in favor of the plaintiff.

         IT IS SO ORDERED.

DATED:  August 21, 2012

                                        _____
                                        KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE